```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD
```

UNITED STATES OF AMERICA

v.                                                            CRIMINAL NO. 1:13-00207-001

WILLIAM DECKER KENNEDY

## MEMORANDUM OPINION AND ORDER

        In Bluefield, on November 4, 2013, came the defendant, William Decker Kennedy, in person and by counsel, R. Thomas Czarnik; came the United States by Miller A. Bushong, III, Assistant United States Attorney; and came Senior United States Probation Officer Brett S. Taylor, for a hearing on the petition to revoke the defendant's term of supervised release.

        The court informed the defendant of the alleged violations contained in the petition to revoke the term of supervised release, filed on September 23, 2013. The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before his term of supervised release could be revoked. Whereupon the defendant admitted the conduct as alleged in the petition regarding testing positive for marijuana. Thereafter, the court found the charges with respect to marijuana were established by a preponderance of the evidence.

        Having heard arguments of counsel, the court found that the Guideline imprisonment range for the revocation of supervised release upon such grounds was five to eleven months. The court

further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court.  Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which provides a maximum term of imprisonment of three years for a violation of supervised release if the offense that resulted in the term of supervised release was a Class B felony.  Neither party objected to the Guideline range and statutory penalty as determined by the court.

     The court found that there was sufficient information before the court on which to sentence defendant without updating the presentence investigation report ("PSI").  However, counsel for defendant requested that the matter be continued and that the PSI be updated to include certain medical information in his possession and other information that he believed to be relevant to the instant proceeding.  For reasons placed on the record at the hearing, the court GRANTED defendant's motion for additional time to supplement the record and defendant was directed to file any matters he believed relevant to the proceeding by Tuesday, November 5, 2013.  Defendant was further directed to provide copies of the information to the government and the Probation Office.  Defendant was further advised that any medical information should be filed under seal.  Therefore, a motion to

seal should accompany any confidential materials that the defendant wishes to file.

Finally, the court **ORDERED** the proceeding continued until November 13, 2013, at 10:30 a.m., in Bluefield. The court further found by clear and convincing evidence that the defendant does not pose a risk of flight or danger to the community and continued defendant on his previously executed bond.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

**IT IS SO ORDERED** this 4th day of November, 2013.

ENTER:

David A. Faber
Senior United States District Judge